IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALVARO HERNANDEZ, | ) | |
| Plaintiff(s), | ) | No. C 06–0109 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| R. PIÑA, et al., | ) | (Doc # 2) |
| Defendant(s). | ) | |

    Plaintiff, a State of California prisoner incarcerated at Salinas Valley State Prison ("SVSP"), has filed a pro se complaint under 42 U.S.C. § 1983 claiming inadequate dental care. Plaintiff seeks injunctive and monetary relief. He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and requests that the court excuse his obligation to exhaust available administrative remedies.

    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All

|   |   |
|---|---|
| 1 | available remedies must now be exhausted; those remedies "need not meet |
| 2 | federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation |
| 3 | omitted).  Even when the prisoner seeks relief not available in grievance |
| 4 | proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; |
| 5 | Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a |
| 6 | prerequisite to all prisoner suits about prison life, whether they involve general |
| 7 | circumstances or particular episodes, and whether they allege excessive force or |
| 8 | some other wrong.  Porter, 534 U.S. at 532. |
| 9 | The State of California provides its prisoners the right to appeal |
| 10 | administratively "any departmental decision, action, condition or policy |
| 11 | perceived by those individuals as adversely affecting their welfare." Cal. Code |
| 12 | Regs. tit. 15, § 3084.1(a).  It also provides them the right to file appeals alleging |
| 13 | misconduct by correctional officers/officials.  Id. § 3084.1(e).  In order to exhaust |
| 14 | available administrative remedies within this system, a prisoner must proceed |
| 15 | through several levels of appeal: (1) informal resolution, (2) formal written |
| 16 | appeal on a CDC 602 inmate appeal form, (3) second level appeal to the |
| 17 | institution head or designee, and (4) third level appeal to the Director of the |
| 18 | California Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 |
| 19 | (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from |
| 20 | the Director's level of review satisfies the exhaustion requirement under § |
| 21 | 1997e(a).  Id. at 1237-38. |
| 22 | Nonexhaustion under § 1997e(a) is an affirmative defense which should |
| 23 | be brought by defendant(s) in an unenumerated motion to dismiss under Federal |
| 24 | Rule of Civil Procedure 12 (b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. |
| 25 | 2003).   However, a complaint may be dismissed by the court for failure to |
| 26 | exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to |
| 27 |   |
| 28 | 2 |

exhaustion applies." Id. at 1120.  Here, plaintiff concedes he did not exhaust available administrative remedies through the Director's level of review before filing suit, but argues that the exhaustion requirement should be excused because he has been denied proper treatment for too long.  Plaintiff's argument is not persuasive.  The attachments to the complaint show that plaintiff was seen by Dr. Piña on October 11, 2005 and, after an examination with x-rays, advised to request an extraction of the teeth that have been bothering him, or request treatment of cavity and tooth sensitivity.  Plaintiff has presented no extraordinary circumstances which might compel that he be excused from exhausting available administrative remedies by proceeding to the final Director's level of review.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The clerk shall enter judgment in accordance with this order and close the file.  No fee is due.

SO ORDERED.

DATED:  Jan. 17, 2006

CHARLES R. BREYER
United States District Judge

3